UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61890-CIV-ZLOCH

MICHAEL CONROY,

    Plaintiff,

vs.                                          **O R D E R**

DELTA AIR LINES, INC.,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Delta Air Lines, Inc.'s Motion To Dismiss Complaint (DE 5). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff Michael Conroy alleges that Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12111 (hereinafter the "ADA"), when it fired him in 2006 for his admitted prior drug use and arrest and when it later refused to rehire him, despite his successful completion of a drug treatment program. He alleges that both his termination and Defendant's refusal to rehire him constitute willful and malicious discrimination under the ADA. Defendant does not contest Plaintiff's factual allegations. Rather, it argues that its recent Bankruptcy Confirmation bars Plaintiff's claims and precludes him from stating a claim upon which relief may be granted.

    When ruling upon a motion to dismiss, the Court must accept Plaintiff's allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). If in taking the allegations as true they fail

as a matter of law to state a claim upon which relief may be granted, the Court must dismiss the action and enter judgment in favor of the Defendant. Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1965 (2007). In addition, the Court is free to consider matters outside the Complaint such as a Bankruptcy Confirmation without converting a motion to dismiss into one for summary judgment. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (noting it is proper for the district court to consider matters outside the pleadings that are required by the SEC).

In this action, the dispositive issue is whether Defendant's Bankruptcy Confirmation in April 2007, DE 5, Ex. A, precludes Plaintiff from bringing his claims against it. The operative effect of the Confirmation is that it discharges all debts incurred by Defendant before its effective date, here April 30, 2007. Id. ¶ 78; 11 U.S.C. § 1141(d). The Bankruptcy Code defines "debt" as a "liability on a claim." 11 U.S.C. § 101(12). Further, a "claim" is statutorily defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Id. § 101(5)(A). The definition given to the term "claim" includes civil employment actions, even those that are not statutorily ripe because they lack a right-to-sue letter. Kresmery v. Serv. Am., Corp., 227 B.R. 10, 13 (D. Conn. 1998) (citing McSherry v. Trans World Airlines, 81

2

F.3d 739, 740 (8th Cir. 1996)).

The broad definition of the term "claim" is "designed to ensure that all legal obligations of the debtor, <u>no matter how remote or contingent</u>, will be able to be dealt with in the bankruptcy case." <u>Siegel v. Fed. Home Mortgage Corp.</u>, 143 F.3d 525, 532 (9th Cir. 1998) (quotation omitted). Like any other "claim," a suit alleging employment discrimination falls under the definition provided by Congress in § 101(5)(A). <u>See, e.g.</u>, <u>Wright v. Centennial Healthcare, Corp.</u>, 383 B.R. 355, 358 (D.D.C. 2008) (collecting cases). Therefore, because Plaintiff's termination and Defendant's refusal to rehire him all occurred before the confirmation plan took effect, on April 30, 2007, he is barred, as a matter of law, from brining these claims. <u>Id.</u>

Despite the clear command of the statute and caselaw surrounding this issue, Plaintiff posits two novel theories to avoid the dismissal of his claim. First, he argues that Defendant's conduct caused a willful and malicious injury, and therefore falls under the discharge exception of § 523(a)(6). Second, he argues that Defendant's continual refusal to rehire him constitutes post-confirmation behavior, for which he may recover. DE 8. Both of Plaintiff's arguments are without merit. The willful-and-malicious-injury exception does not apply to corporate debtors. 11 U.S.C. § 1141(d)(2) (addressing individual debtors only); <u>In re Automatic Plating of Bridgeport, Inc.</u>, 202 B.R. 540, 542 (Bank. D. Conn. 1996) (holding the exception applies only to

3

individual debtors and cannot be used against corporations). Second, Plaintiff's Complaint does not allege that Defendant has refused, post-Confirmation, to rehire Plaintiff. See Kresmery, 227 B.R. at 16 (noting where Plaintiff has never reapplied, debtor's failure to rehire employee did not constitute a continuing violation). Therefore, it has no bearing on the Court's analysis.

Based on the foregoing analysis, it is clear that Plaintiff's claim of discrimination is barred by Defendant's Bankruptcy Confirmation. Therefore, the Court shall grant the instant Motion as Plaintiff cannot state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Delta Air Lines, Inc.'s Motion To Dismiss Complaint (DE 5) be and the same is hereby **GRANTED**; and

2. The Court shall enter Final Judgment by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of May, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel and Parties of Record

4